MEMORANDUM **
Kimberly D. Angst appeals a judgment affirming the Administrative Law Judge’s (“ALJ”) denial of supplemental security disability income under Title XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. Our review is de novo, and “[w]e may set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error.” Bray v. Comm’r of Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir.2009) (citation and internal quotation marks omitted).
Angst’s treating physician did not testify at the hearing before the ALJ. The medical report at issue in this appeal is a March 7, 2006, questionnaire assessment prepared by the treating physician’s nurse practitioner, who saw Angst frequently. A nurse practitioner “acting as an agent” for the treating doctor can be an acceptable medical source. Gomez v. Chater, 74 F.3d 967, 971 (9th Cir.1996). Without changing this medical assessment, the treating physician signed it, after it had been rejected by the ALJ, but before it was submitted to the Appeals Council. See 20 C.F.R. § 404.970(b) (“If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision.”). The ALJ rejected the questionnaire assessment because its recital of Angst’s subjec *229 tive, severe limitations was contradicted by other examining doctors’ conclusions, which were supported by objective, clinical evidence. Therefore, the ALJ provided “specific and legitimate reasons supported by substantial evidence in the record” for not relying on the questionnaire assessment prepared by the nurse practitioner, although not yet signed by the treating physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir.1995) (citation and internal quotation marks omitted).
By contrasting Angst’s testimony regarding the severity of her pain and impairments with her daily activities, the ALJ gave “clear and convincing reasons” for his “adverse credibility finding” regarding Angst’s ability to work. Lingenfelter v. Astrue, 504 F.3d 1028, 1036 (9th Cir.2007). “Where, as here, the ALJ has made specific findings justifying a decision to disbelieve an allegation and those findings are supported by substantial evidence in the record, our role is not to second-guess that decision.” Morgan v. Comm’r of the Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir.1999) (citation, internal quotation marks, and ellipsis omitted).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.